CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 2 7 2018

JULIA C. DUDLEY, CLERK
BY: H McDonag
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEMETRIUS LAMONT NEELY,<br>Plaintiff, | ) <br>) <br>) | Civil Action No. 7:17-cv-00350 |
| v. | ) <br>) | MEMORANDUM OPINION |
| HALL, et al.,<br>Defendants. | ) <br>) <br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Demetrius Lamont Neely, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, naming three staff of the Virginia Department of Corrections ("VDOC") and Wallens Ridge State Prison ("WRSP") as defendants. Plaintiff alleges that Defendants violated the Fourteenth Amendment's Due Process Clause when adjudicating a prison disciplinary charge. Defendants filed a motion to dismiss, and Plaintiff responded, making the matter ripe for adjudication. After reviewing Plaintiff's submissions, I grant Defendants' motion to dismiss.

I.

Plaintiff was using a phone in a housing unit at WRSP on July 17, 2016, when a fight started between rival gang members. Plaintiff complied with staff's orders to lie down with hands outstretched. Plaintiff was taken to a segregation cell and was "told he would be released after the investigation was completed." Ninety minutes later, Plaintiff was charged with "fighting with any person."

Defendant Sgt. Hall presided over the disciplinary hearing. Sgt. Hall refused to review video recordings as "not needed" and found Plaintiff guilty of fighting. Records submitted with the complaint show Plaintiff was fined $8.00. Defendant Fleming, who was the WRSP Warden, and defendant Elam, who is a VDOC Regional Administrator, upheld the conviction. Defendants

did not approve Plaintiff's requests to review the video evidence, submit interrogatories, or receive documentary evidence.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

XIV, § 1. To state a due process claim, an inmate must show that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When a disciplinary penalty does not cause an inmate's original sentence to be enhanced, protected interests are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Unless the inmate proves a deprivation of a protected interest, he has no federal right to particular protections. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (noting substantive requirement for prison discipline proceedings implicating the Due Process Clause); Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (noting the same about procedural requirements).

Neither Plaintiff's stay in segregation for approximately ninety minutes nor the $8.00 fine implicates interests protected by the Due Process Clause. Plaintiff fails to establish that the fine imposed an atypical and significant hardship on him in comparison to the ordinary incidents of prison life. See, e.g., Henderson v. Virginia, No. 7:07-cv-266, 2008 U.S. Dist. LEXIS 5230, at *33, 2008 WL 204480, at *10 (W.D. Va. Jan. 23, 2008) (finding a $12 fine did not pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life), aff'd, 272 F. App'x 264 (4th Cir. 2008); see also Washlefske v. Winston, 234 F.3d 179, 185 (4th Cir. 2000) (discussing the limited interest an inmate has in a trust account). Likewise, Plaintiff fails to describe how Virginia created a protected liberty interest to avoid segregation at WRSP or how being in segregation at WRSP for ninety minutes was atypical or significant. See, e.g., Sandin, 515 U.S. at 484; see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that a claim of a false disciplinary charge cannot serve as the basis for a constitutional

3

claim). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, Plaintiff fails to state a claim against Defendants about his disciplinary conviction, and their motion to dismiss is granted.

## III.

For the foregoing reasons, I grant Defendants' motion to dismiss.

ENTER: This 27th day of June, 2018.

Senior United States District Judge